UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:13-cr-00375-EJD (PSG) |
| ) | |
| Prosecution, ) | **ORDER RE: DEFENDANT'S** |
| ) | **MOTIONS TO COMPEL** |
| v. ) | |
| ) | **(Re: Docket Nos. 19, 24, 25)** |
| PARVIZ MOSSAED, ) | |
| ) | |
| Defendant. ) | |

The court has before it a trio of discovery motions. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland,*[1] *Giglio v. United States,*[2] *Jencks v. United States,*[3] and a myriad of other authorities, Defendant Parviz Mossaed seeks to compel the government to produce a gamut of materials, ranging from "investigative notes,"[4] mortgage

---

[1] 373 U.S. 83 (1963).

[2] 405 U.S. 150 (1972).

[3] 353 U.S. 657 (1957).

[4] Docket No. 25 at 1.

1

Case No. 5:14-cr-00051-DLJ (PSG)
ORDER RE: DEFENDANT'S MOTIONS TO COMPEL

information[5] and "diaries"[6] from federal agents to government servers[7] and sealed grand jury proceedings, not just in this case but also in cases dating back over five years.[8] The proffered justification: Mossaed's accusations that the federal agent in this case has engaged in grossly deceitful and fraudulent misconduct.

But these accusations are not backed up by any actual evidence of wrongdoing. In a hearing yesterday that lasted more than an hour and a half, although Mossaed's counsel insisted that there "had to be" misconduct, and that "it isn't possible" that the materials requested do not exist, he was not able to direct the court to a single piece of actual evidence that any government official had done anything wrong. In fact, he presented several characterizations of the record and the case law that give the court serious pause. As one example, counsel represented that the government had "altered" evidence, based solely on the fact that it did not delete the "Forwarded" header from emails that were, in fact, forwarded from Mossaed's account to the government agent's account. As the prosecution pointed out at the hearing, the evidence would only have been altered if the government did delete those headers. Counsel further represented that other courts have specifically found that the agents in this case had committed fraudulent misconduct in prior matters, yet provided no actual citations to any such finding. In short, the court is unwilling to authorize a fishing expedition through government archives and the personal information of federal agents based on what appears to be little more than a hunch.

That said, among the morass of suppositions were a select few pieces of evidence to which the defendant is entitled. First, within 14 days, the government is to produce another copy of the

---

[5] *See* Docket No. 19 at 6.

[6] Docket No. 25 at 1.

[7] *See* Docket No. 25 at 1.

[8] *See* Docket No. 19 at 7-8.

2

Case No. 5:14-cr-00051-DLJ (PSG)
ORDER RE: DEFENDANT'S MOTIONS TO COMPEL

"proffer letter" allegedly sent to Defendant's prior attorney.  Second, no later than 60 days before the trial date, the government is to produce all *Henthorn* materials to Defendant.  Third, the government is to submit an unredacted copy of the TIGTA report to the court for in camera review within 14 days; in addition, Defendant is to submit whatever portion of the TIGTA it has in its possession and provide a declaration detailing the pages he believes to be missing from that copy.  Finally, the government is to produce the criminal histories of any witness it intends to call at trial, in addition to any testimony the witness may have offered to the grand jury in this case, to Defendant by 30 days prior to the trial date.

**IT IS SO ORDERED.**

Dated: June 13, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge